MILTON ZAPATA RAMÍREZ, Appellant, *v.* THE REGISTRAR OF PROPERTY OF MAYAGÜEZ, Respondent.

No. O-68-293.    Decided March 3, 1970.

*Rodríguez Ema & Rodríguez Ramón, Rodolfo Zequeira,* and *Denis Martínez Irizarry* for appellant. The respondent Registrar appeared by brief.

PER CURIAM: In the partition of the estate of José A. Zapata Muñoz appellant was expressly awarded real property for the payment of debts, said condition being set forth in the record of said properties entered on August 28, 1963. By petition signed before notary, appellant requested the cancellation of said mention because he deemed that the same constitutes a mention of personal obligation cancelable by the mere lapse of five years.

The registrar suspended the cancellation requested on the ground that the award of property in deed of partition for the payment of debts creates an obligation which constitutes a real-property right whose mention may only be can-

celled, in the absence of sufficient proof that the debts have been paid, after ten years have elapsed.

Article 23 of our Mortgage Law, 30 L.P.R.A. § 48, insofar as pertinent reads as follows:

"In the award of specific real property in an inheritance or general assignment to a participant, to a creditor or to a stranger with the obligation of applying its value to the payment of debts or charges against such inheritance or assignment, the condition under which the property is allotted shall be stated when recorded in the name of the person to whom the property has been awarded, and it shall have the effects which this subtitle establishes in subdivision 1 of section 62 of this title."

██ As held in *Jusino* v. *Registrar*, 52 P.R.R. 385, 387 (1937), the effect of said Art. 23 is to render the allotted property, as well as the allottee and his successors in interest, liable for a breach of the condition of the allotment, for which reason such condition constitutes a real-property right which runs with the land. We expressed ourselves in that same sense in *Suárez* v. *Registrar*, 52 P.R.R. 847, 849 (1938). In both decisions we held also that that real-property right cannot be cancelled until ten years have elapsed.

Said question was not involved in the case of *Ríos* v. *Rosaly*, 50 P.R.R. 652 (1936) cited by appellant. The other case cited by him is *Land Authority* v. *Registrar*, 65 P.R.R. 18 (1945) and the latter rather confirms what we state herein upon deciding that the allotment of hereditary property for the payment of debts constitutes a lien on the allotted property.

It is important to note that the last two paragraphs of Art. 23 of our Mortgage Law, 30 L.P.R.A. § 48, which refer to the effect of the recording of property awarded in an inheritance for the payment of debts, are not in conformity with the Spanish Mortgage Law and therefore they are not object of discussion by Spanish Legal writers. They make

comments on Arts. 29 and 45 of the Spanish Mortgage Law which are different from our text.

Appellant's counsel invites us to vary the rule we have consistently held on this particular, since *Jusino* v. *Registrar*, *supra*. We have read his brief but it does not convince us. We prefer, as we did in our aforecited decisions to follow the view stated by the Supreme Court of Spain in its judgments of May 21, 1880, May 23, 1889, December 12, 1900, and October 15, 1903, and by the General Directorate of Registries in its resolution of August 20, 1906 where it is held that the allotment of property for the payment of debts creates a real-property right in favor of the creditors.

To that effect we also prefer the view stated in Art. 180 of the proposed Mortgage Code for Puerto Rico submitted by the Governor to the Legislature of Puerto Rico in 1967, H.B. 782 and S.B. 604 of that year. Said article states, insofar as pertinent, the following:

"In the award of specific real property, or rights upon said property, in an inheritance or general assignment to a participant, to a creditor or to a stranger, with the express obligation of applying its value to the payment of debts or charges against such inheritance or assignment, the obligation under which the property is allotted shall be stated, and it shall have the effect of strict real encumbrance in favor of the corresponding creditors."

Both Art. 23 of our Mortgage Law and the aforecited provision of the proposed Mortgage Code are provisions created in Puerto Rico for our particular circumstances and we consider that we should not abandon them without having strong reasons which we do not find in this case. A very important reason, besides the aforesaid, for upholding our Art. 23 is that the law as it stands now is an effective manner of making sure that the will of the predecessor in title or of the coheirs, as the case may be, will be complied with. The creditors are thus better protected, evident purpose of the mention of those obligations in the registry. It should not be understood in any

manner whatsoever that we are suggesting that in the case at bar it is sought to evade said obligations but, after all, rules are established for all cases.

Because we consider that the rule in force, created in Puerto Rico for our system, is the best, we decide to render judgment affirming the registrar's note.

Mr. Chief Justice did not participate herein.